**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **RICHARD JASON VAUGHN,** | ) | NO. CV-09-5313-VAP(CT) |
| | ) | |
| Petitioner, | ) | MEMORANDUM AND ORDER |
| | ) | DISMISSING SUCCESSIVE |
| v. | ) | PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| **DERRAL G. ADAMS, Warden,** | ) | |
| | ) | |
| Respondents. | ) | |

### INTRODUCTION

This federal petition constitutes a successive petition subject to dismissal because there is no authorizing order from the court of appeals.  28 U.S.C. § 2244 (b) (1996).

### BACKGROUND

In 2002, state prisoner Richard Jason Vaughn("petitioner") filed a petition for writ of habeas corpus (the "initial petition") with this court.[1]  Petitioner there challenged his 1999 state court conviction and the consequent sentence of life plus 20 years.  In May 2003, the initial

---

[1] Case No. CV 02-8131-VAP(CT).

petition was denied and dismissed with prejudice.[2] On July 15, 2004, the United States Court of Appeals for the Ninth Circuit ("the circuit") affirmed the denial. On December 14, 2004, the circuit likewise denied petitioner's application for authorization to file a second or successive habeas petition in the district court.[3]

On July 21, 2009, petitioner nonetheless filed this petition, which also challenges his 1999 conviction and sentence.

## DISCUSSION

### A. Duty to Screen

This court has a duty to screen applications for habeas corpus relief. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes; see also Calderon v. United States Dist. Court for the N. Dist. of Cal. (Nicolaus), 98 F.3d 1102, 1109 (9th Cir. 1996) (concurring opinion). If it plainly appears from the face of the petition and annexed exhibits that the petitioner is not then entitled to relief in the district court, the judge shall make an order for summary dismissal of the petition. Rules Governing § 2254 Cases in the United States District Courts, Rule 4; see also Local Civil Rule 72-3.2.

### B. Second or Successive Petitions

Second or successive petitions for writ of habeas corpus are subject to "extremely stringent" requirements. Babbitt v. Woodford, 177 F.3d 744, 745 (9th Cir. 1999). As petitioner is evidently aware,

---

[2] A copy of the Report and Recommendation in case no. CV-02-8131-VAP(CT), is attached as Exhibit 1.

[3] A copy of the Court of Appeals docket summary for petitioner's application, # 04-75836, is attached as Exhibit 2.

"[b]efore a second or successive application permitted by [§ 2244(b)] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). A second or successive petition for writ of habeas corpus filed in a district court without an authorizing order shall be dismissed. See 28 U.S.C. § 2244 (b); see also Burton v. Stewart, 549 U.S. 147, 152 (2007) (where petitioner did not receive authorization from the circuit before filing his second or successive petition, district court should have dismissed for lack of jurisdiction).

Petitioner's initial federal habeas petition, in which he challenged his 1999 state court conviction and sentence, was denied and dismissed with prejudice on the merits. (Ex. 1.) Consequently, petitioner must obtain authorization from the circuit before filing another habeas challenge. Because petitioner has not received and, in fact, has been denied permission to file a second or successive habeas petition, this court lacks jurisdiction to entertain this petition. Burton v. Stewart, 549 U.S. at 152; see also 28 U.S.C. § 2244(b)(3)(A).

ACCORDINGLY, IT IS ORDERED that this federal habeas petition be dismissed.

DATED: July 29, 2009_

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

3